# United States Bankruptcy Court
## for the District of Delaware

**Voluntary Petition**

| | |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>**Tweeter Home Entertainment Group, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec./Complete EIN or other Tax ID. No. (if more than one, state all): 04-3417513 | Last four digits of Soc. Sec./Complete EIN or other Tax ID. No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, and State):<br>40 Pequot Way<br>Canton, MA<br>ZIPCODE 02021 | Street Address of Joint Debtor (No. & Street, City, and State):<br><br>ZIPCODE |
| County of Residence or of the Principal Place of Business:<br>Norfolk | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIPCODE | |

**Type of Debtor** (Form of Organization) (Check one box.)
- ☐ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- ☒ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box.)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☒ Other

Retail Business

**Tax-Exempt Entity** (Check box, if applicable.)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)
- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☒ Debts are primarily business debts.

**Filing Fee** (Check one box)
- ☒ Full Filing Fee attached.
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3 A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000 million.

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |

Estimated Assets
- ☐ $0 to $10,000
- ☐ $10,000 to $100,000
- ☐ $100,000 to $1 million
- ☐ $1 million to $100 million
- ☒ More than $100 million

Estimated Liabilities
- ☐ $0 to $50,000
- ☐ $50,000 to $100,000
- ☐ $100,000 to $1 million
- ☐ $1 million to $100 million
- ☒ More than $100 million

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtors):<br>Tweeter Home Entertainment Group, Inc. |
|---|---|

**Prior Bankruptcy Case Filed Within Last 8 Years** (If more than one, attach additional sheet)

| Location Where Filed: | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet)

| Name of Debtor:<br>See Annex A | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☒ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br>X _____<br>Signature of Attorney for Debtors)     (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No[1].

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition. If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Statement by a Debtor Who Resides as a Tenant of Residential Property**
*(Check all applicable boxes.)*

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

---

[1] The Debtor is not aware of what is meant by the phrase "imminent and identifiable harm" as used in the form. The Debtor does not believe it owns or possesses property that poses or is alleged to pose a threat of such harm. The Debtor may own property that may be subject to investigation or remediation under environmental laws.

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>Tweeter Home Entertainment Group, Inc. |
|---|---|

**Signatures**

| **Signature(s) of Debtor(s) (Individual/Joint)**<br><br>I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>    Signature of Debtor<br><br>X _____<br>    Signature of Joint Debtor<br><br>_____<br>Telephone Number (If not represented by attorney)<br><br>_____<br>Date | **Signature of a Foreign Representative**<br><br>I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only **one** box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>   (Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |
| **Signature of Attorney**<br><br>X  /s/ Gregg M. Galardi<br>   Signature of Attorney for Debtor(s)<br><br>Gregg M. Galardi<br>Printed Name of Attorney for Debtor(s)<br><br>**Skadden, Arps, Slate, Meagher & Flom LLP**<br>Firm Name<br><br>One Rodney Square<br>Address<br>P.O. Box 636<br>Wilmington, DE 19899<br>302-651-3000<br>Telephone Number<br>June 11, 2007<br>Date | **Signature of Non-Attorney Bankruptcy Petition Preparer**<br><br>I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>Address<br><br>X _____<br><br>_____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.<br><br>Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |
| **Signature of Debtor (Corporation/Partnership)**<br><br>I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X  /s/ Gregory W. Hunt<br>   Signature of Authorized Individual<br>Gregory W. Hunt<br>Printed Name of Authorized Individual<br>Senior Vice President and Chief Financial Officer<br>Title of Authorized Individual<br>June 11, 2007<br>Date | |

Exhibit "A"

If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------- x
:
In re:                              :   Chapter 11
                                    :
TWEETER HOME ENTERTAINMENT           :   Case No. 07-___ (__)
GROUP, INC.,                         :
et al.,                              :   Jointly Administered
            Debtor.                 :
                                    :
------------------------------------- x

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is **0-24091.**

2. The following unaudited financial data (a) is the latest publicly available information from Tweeter Home Entertainment Group, Inc., (b) refers to assets and liabilities as of September 30, 2006 on a consolidated basis, and (c) does not include off balance sheet obligations, such as operating leases. The Debtor does not certify as to the accuracy of this information.

| | | | | |
|---|---|---|---|---|
| a. | Total assets | | $258,573,353[1] | |
| b. | Total debts | | $190,417,285[2] | |
| | | | | Approx. number of holders |
| c. | Debt securities held by more than 500 holders | | _____ | |
| d. | Number of shares of preferred stock | | 10,000,000 authorized; none issued | |
| e. | Number of shares of common stock | | 27,013,997 | 102 Recordholders |

3. Brief description of debtor's business: Tweeter Home Entertainment Group, Inc. is a national specialty consumer electronics retailer providing audio and video solutions for the home and mobile environment.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

None.

---

[1] This figure represents the last publicly filed financial information of the Debtors as reported in Tweeter Home Entertainment Group, Inc.'s Form 10-K (Annual Report) filed December 21, 2006 for the Period Ending September 30, 2006.

[2] This figure represents the last publicly filed financial information of the Debtors as reported in Tweeter Home Entertainment Group, Inc.'s Form 10-K (Annual Report) filed December 21, 2006 for the Period Ending September 30, 2006, and does not include stockholders' equity.

## ANNEX A

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code. Contemporaneously with the filing of these petitions, these entities filed an application requesting that the Court administratively consolidate for procedural purposes only and jointly administer their chapter 11 cases.

1. Sound Advice of Arizona, Inc.
2. New England Audio Co., Inc.
3. NEA Delaware, Inc.
4. Hillcrest High Fidelity, Inc.
5. Sound Advice, Inc.
6. Sumarc Electronics, Inc.
7. THEG USA, L.P.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------- x
                                      :
In re:                                :    Chapter 11
                                      :
TWEETER HOME ENTERTAINMENT            :    Case No. 07-___ (__)
GROUP, INC.,                          :
et al.,                               :    Jointly Administered
            Debtor.                   :
                                      :
------------------------------------- x

## CONSOLIDATED LIST OF CREDITORS HOLDING LARGEST UNSECURED CLAIMS

Set forth below is a list of creditors holding the 30 largest unsecured claims against Tweeter Home Entertainment Group, Inc. ("Tweeter"), and its subsidiaries and affiliates as of approximately June 8, 2007. The list has been prepared on a consolidated basis from the books and records of Tweeter and its subsidiaries and affiliates that have contemporaneously commenced chapter 11 cases in this Court (collectively, the "Debtors"). The information presented in the list below shall not constitute an admission by, nor is it binding on, the Debtors.[3]

The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101 or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the largest unsecured claims.

| (1)<br>NAME OF CREDITOR AND COMPLETE MAILING ADDRESS INCLUDING ZIP CODE | (2)<br>NAME, TELEPHONE NUMBER AND COMPLETE MAILING ADDRESS INCLUDING ZIP CODE, OF EMPLOYEE, AGENT, DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | (3)<br>NATURE OF CLAIM (trade debt, bank loan, government contract, etc.) | (4)<br>C<br>U<br>D<br>S | (5)<br>AMOUNT OF CLAIM (if secured also state value of security) |
|---|---|---|---|---|
| POLK AUDIO, INC | P.O. BOX 826162<br>PHILA., PA 19182-6162<br>FAX: (800) 638-7276 | Trade | | $1,245,168.00 |
| SAP AMERICA INC | P.O. BOX 7780-82<br>PHILA., PA 19182-4024<br>PH: (610) 661-1000<br>FAX: (610) 661-4020 | Trade | | $   745,573.00 |

---

[3] The Debtors will file the schedules of assets and liabilities (the "Schedules") in accordance with 11 U.S.C. § 521 and Fed. R. Bankr. P. 1007. The information contained in the Schedules may differ from that set forth below. Furthermore, the Debtors have not yet identified which of their largest unsecured claims, if any, are contingent, unliquidated, disputed and/or subject to setoff. The Debtors reserve the right to identify any of their claims listed in the Schedules as contingent, unliquidated, disputed and/or subject to setoff as appropriate. Inclusion of a claim on this consolidated list is not an admission that the amounts are or are not contingent, unliquidated, disputed and/or subject to setoff nor an admission that the amounts listed are owed by more than one of the Debtors.

| (1)<br>NAME OF CREDITOR AND COMPLETE MAILING ADDRESS INCLUDING ZIP CODE | (2)<br>NAME, TELEPHONE NUMBER AND COMPLETE MAILING ADDRESS INCLUDING ZIP CODE, OF EMPLOYEE, AGENT, DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | (3)<br>NATURE OF CLAIM (trade debt, bank loan, government contract, etc.) | (4)<br>C<br>U<br>D<br>S | (5)<br>AMOUNT OF CLAIM (if secured also state value of security) |
|---|---|---|---|---|
| ZURICH AMERICAN INSURANCE | 8734 PAYSHPHERE CIRCLE<br>CHICAGO, IL 60674<br>PH: (800) 382-2150<br>FAX: (312) 496-9112 | | | $ 743,294.00 |
| AUDIOQUEST | 2621 WHITE ROAD<br>IRVINE, CA 92614<br>FAX: (949) 585-0111 | Trade | | $ 536,981.00 |
| SERVICE NET SOLUTION | 650 MISSOURI AVENUE<br>JEFFERSONVILLE, IN 47130<br>ATTN: KENDALL BEAVEN<br>PH: 812) 258-4700<br>FAX: (812) 258-4765 | Trade | | $ 514,499.00 |
| BOSE CORPORATION | 525 WEST MONROE<br>P.O. BOX 93132<br>CHICAGO, IL 60661<br>PH: (508) 766-9286<br>FAX: (508) 766-9611 | Trade | | $ 472,410.00 |
| OMNIMOUNT SYSTEMS | P.O. BOX 201570<br>DALLAS, TX 75320-1570<br>PH: (480) 829-8000<br>FAX: (480) 756-9000 | Trade | | $ 388,244.00 |
| FLATIRON CAPITAL CORP | P.O. BOX 27802<br>NEWARK, NJ 07101-7802<br>PH: (303) 571-1711<br>FAX: (303) 352-0096 | | | $ 364,816.00 |
| SCOTT THOMAS CONSTRUCTION | ATTN: NATNL GENERAL CONTRACTOR<br>201 PACKETS COURT<br>WILLIAMSBURG, VA 23185<br>PH: (757) 564-3455<br>FAX: (757) 564-3661 | Trade | | $ 346,633.00 |
| UNIVERSAL REMOTE CONTROL | 500 MAMARONECK AVE<br>HARRISON, NY 10528<br>PH: (914) 835-4484<br>FAX: (914) 835-4532 | Trade | | $ 333,513.00 |
| DIRECTV | 2230 EAST IMPERIAL HIGHWAY<br>EL SEGUNDO, CA 90245<br>PH: (310) 535-5000<br>FAX: (310) 535-5225 | Trade | | $ 326,524.00 |
| JL AUDIO | P.O. BOX 550022<br>TAMPA, FL 33655-0022<br>PH: (954) 624-0114<br>FAX: (954) 443-1104 | Trade | | $ 301,459.76 |

| (1) NAME OF CREDITOR AND COMPLETE MAILING ADDRESS INCLUDING ZIP CODE | (2) NAME, TELEPHONE NUMBER AND COMPLETE MAILING ADDRESS INCLUDING ZIP CODE, OF EMPLOYEE, AGENT, DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | (3) NATURE OF CLAIM (trade debt, bank loan, government contract, etc.) | (4) C U D S | (5) AMOUNT OF CLAIM (if secured also state value of security) |
|---|---|---|---|---|
| MARTIN LOGAN | P.O. BOX 875712<br>KANSAS CITY, MO 64187-5712<br>PH: (785) 749-0133<br>FAX: (785) 749-5320 | Trade | | $ 276,106.00 |
| MITEK | 1 MITEK PLAZA<br>WINSLOW, IL 61089<br>PH: (815) 367-3000<br>FAX: (815) 367-2709 | Trade | | $ 273,495.00 |
| PIONEER ELECTRONICS | P.O. BOX 70566<br>CHICAGO, IL 60673-0566<br>ATTN: MARLENE<br>PH: (310) 952-2395<br>FAX: (310) 952-2923 | Trade | | $ 264,742.00 |
| WFLD-TV | WFLD FOX TELEVISION STATIONS<br>P.O. BOX 91427<br>CHICAGO, IL 60693<br>PH: (312) 565-5599<br>FAX: (312) 819-0421 | Trade | | $ 263,895.00 |
| BLITZ MEDIA INC | P.O. BOX 847815<br>BOSTON, MA 02284-7815<br>PH: (781) 247-7100<br>FAX: (781) 247-7101 | Trade | | $ 225,020.00 |
| AUDIO PLUS SERVICES | 313 MARION<br>LE GARDEAU, QC J5Z 4W8<br>PH: (800) 663-9352<br>FAX: (866) 656-0686 | Trade | | $ 221,228.00 |
| UNIVERSAL MILLENNIUM | LOCK BOX PO 845364<br>BOSTON, MA 02284-5364<br>PH: (781) 871-7744<br>FAX: (781) 878-2967 | Trade | | $ 220,816.00 |
| GARMIN INTERNATIONAL | 1200 E 151ST STREET<br>OLATHE, KS 66062<br>PH: (913) 397-8200<br>FAX: (913) 397-8282 | Trade | | $ 211,303.00 |
| WBZ TV | P.O. BOX 33089<br>NEWARK, NJ 07188-0089<br>PH: (617) 787-7050<br>FAX: (617) 787-5969 | Trade | | $ 208,789.00 |
| PRICEWATERHOUSECOOPERS LLP | P.O. BOX 7247-8001<br>PHILA., PA 19170-8001<br>PH: (267) 330-3004<br>FAX:: (267) 330-4144 | Trade | | $ 206,279.00 |

| (1) NAME OF CREDITOR AND COMPLETE MAILING ADDRESS INCLUDING ZIP CODE | (2) NAME, TELEPHONE NUMBER AND COMPLETE MAILING ADDRESS INCLUDING ZIP CODE, OF EMPLOYEE, AGENT, DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | (3) NATURE OF CLAIM (trade debt, bank loan, government contract, etc.) | (4) C U D S | (5) AMOUNT OF CLAIM (if secured also state value of security) |
|---|---|---|---|---|
| COASTAL PACIFIC CONSTRUCTION | 23121 LA CADENA<br>LAGUNA HILLS, CA 92653<br>PH: (949) 770-1555<br>FAX: (949) 951-4408 | Trade | | $ 205,675.00 |
| MCM ELECTRONICS | 404 S PIONEER BLVD<br>SPRINGBORO, OH 45066-0000<br>PH: (937) 434-0031<br>FAX: (937) 746-3206 | Trade | | $ 191,361.00 |
| CNBC - NCC | P.O. BOX 3350<br>BOSTON, MA 02241<br>PH: (973) 780-1700<br>FAX: (212) 519-0099 | Trade | | $ 177,167.00 |
| HARTE HANKS | P.O. BOX 911936<br>DALLAS, TX 75391-1936<br>PH: (978) 663-9955<br>FAX: (978) 436-2973 | Trade | | $ 172,936.00 |
| THE ATLANTA JOURNAL-CONSTITUTION | P.O. BOX 105375<br>ATLANTA, GA 30348-5375 | Trade | | $ 160,526.00 |
| WUSA | 4100 WISCONSON AVENUE<br>WASHINGTON, DC 20016<br>PH: (202) 895-5921<br>FAX: (202) 364-6163 | Trade | | $ 156,807.00 |
| TIVO DIGITAL VIDEO R | 2160 GOLD STREET<br>ALVISO. CA 95002<br>PH: (408) 519-9218<br>FAX: (408) 519-5331 | Trade | | $ 155,565.00 |
| KDFW FOX 4 | KDFW NW COMMUNICATIONS OF TEXAS INC<br>P.O. BOX 844824<br>DALLAS, TX 75284-4824<br>PH: (214) 720-4444<br>FAX: (214) 720-3263 | Trade | | $ 155,389.00 |

## DECLARATION REGARDING THE CONSOLIDATED LIST OF CREDITORS
## HOLDING THE THIRTY LARGEST UNSECURED CLAIMS AGAINST THE DEBTORS

I, Gregory W. Hunt, as an authorized officer of each of the debtors in these chapter 11 cases, declare under penalty of perjury that I have read the foregoing list and that it is true and correct as of June 8, 2007, to the best of my knowledge, information and belief.

Date:   June 11, 2007

                                             Signature:  /s/ Gregory W. Hunt
                                                         Gregory W. Hunt

## OFFICER'S CERTIFICATE AS TO RESOLUTIONS ADOPTED BY THE BOARD OF DIRECTORS OF TWEETER HOME ENTERTAINMENT GROUP, INC.

The undersigned, Gregory W. Hunt, being the Chief Financial Officer of Tweeter Home Entertainment Group, Inc., a Delaware corporation (the "Corporation"), in accordance with the applicable provisions of the General Corporation Law of the State of Delaware and the Bylaws of the Corporation, does hereby certify, in my capacity as such officer and not individually, that the following resolutions were duly adopted by the Board of Directors of the Corporation (the "Board") at a meeting of the Board held on June 10, 2007, and such resolutions have not been amended or rescinded and are now in full force and effect:

RESOLVED that in the judgment of the Board of Directors of the Corporation it is desirable and in the best interest of each of the Corporation, its creditors, shareholders and other interested parties that a petition be filed by the Corporation seeking relief under the provisions of chapter 11 of title 11, United States Code (the "Bankruptcy Code"), in which the authority to operate as a debtor in possession will be sought, and the filing of such petition is authorized hereby; and it is further

RESOLVED that the officers of the Corporation (each, an "Authorized Officer" and collectively, the "Authorized Officers") be, and each of them hereby is, appointed by the Board of Directors of the Corporation as an authorized signatory in connection with the chapter 11 proceedings authorized herein; and it is further

RESOLVED that the Authorized Officers be, and each of them hereby is, authorized, directed and empowered, on behalf of and in the name of the Corporation, to execute, verify and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers, and in that connection to employ and retain all assistance by legal counsel, accountants or other professionals and to take any and all action which they deem necessary, proper or desirable in connection with the chapter 11 case, including any and all action necessary, proper or desirable in connection with obtaining debtor in possession financing, the continuation of store closing sales and the pursuit of a sale of the Company, with a view to the successful prosecution of such case; and it is further

RESOLVED that the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, and its affiliated law practice entities be, and hereby are, employed under a general retainer to render legal services to, and to represent, the Corporation in connection with the chapter 11 case and any other related matters in connection therewith, on such terms as any Authorized Officer shall approve; and it is further

RESOLVED that the law firm of Goulston & Storrs P.C. be, and hereby is, employed under a general retainer as special corporate counsel for the Corporation in connection with the chapter 11 case, on such terms as any Authorized Officer shall approve; and it is further

RESOLVED that the firm of FTI Consulting, Inc. be, and hereby is, employed as restructuring and financial advisor for the Corporation in connection with the chapter 11 case, on such terms as any Authorized Officer shall approve; and it is further

RESOLVED that the firm of Peter J. Solomon Company, L.P. and/or its affiliate Peter J. Solomon Securities Company, LLC be, and hereby are, employed as investment banker for the Company in the chapter 11 case; and it is further

RESOLVED that all acts lawfully done or actions lawfully taken by any Authorized Officer to seek relief on behalf of the Corporation under chapter 11 of the Bankruptcy Code, or in connection with the chapter 11 case, or any matter related thereto, including in connection with (i) debtor in possession financing and (ii) continuation of store closing sales, each as described to the Board be, and they hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Corporation; and it is further

RESOLVED that the Corporation as debtor and debtor in possession under chapter 11 of the Bankruptcy Code be, and it hereby is, authorized to enter into that certain Senior Secured, Super-Priority Debtor-In-Possession Credit Agreement (the "Credit Agreement"), among the Corporation, as a borrower, certain subsidiaries of the Corporation, as borrowers, certain subsidiaries of the Corporation, as guarantors, the lenders party thereto, General Electric Capital Corporation, as funding agent, and GE Capital Markets, Inc., as lead arranger, in substantially the form provided or described to the Board of Directors of the Corporation (with such final terms and provisions as the Authorized Officer executing the Credit Agreement may approve), pursuant to which the borrowers will borrow funds (the "Indebtedness") and the borrowers and the guarantors will grant security interests in and liens on all or substantially all of their assets in connection with such borrowings and guarantees; and it is further

RESOLVED that the Corporation, as debtor and debtor in possession under chapter 11 of the Bankruptcy Code, be, and it hereby is, authorized to obtain the use of cash collateral in such amounts as is reasonably necessary for the continuing conduct of the affairs of the Corporation and certain of its subsidiaries; and it is further

RESOLVED that the Board of Directors of the Corporation has determined that the Corporation will receive substantial direct and indirect benefits from the loans and other financial accommodations to be made under the Credit Agreement to the Corporation and certain of its subsidiaries; and it is further

RESOLVED that the Authorized Officers be, and each of them hereby is, authorized to negotiate, determine and approve for and on behalf of the Corporation as debtor and debtor in possession, the terms and provisions of the Credit Agreement, the principal amount, rate of interest and maturity of promissory notes to be executed by the Corporation, if any, evidencing the Indebtedness (the "Promissory Notes") and such other documents, agreements, instruments, financing statements, notices, undertakings, certificates or other writings as may be required pursuant to the terms of the Credit Agreement, contemplated thereby or in furtherance thereof; and it is further

RESOLVED that the Corporation is hereby authorized to pledge, mortgage, hypothecate, encumber and grant a lien on or security interest in, any and all of its property, real or personal, tangible or intangible, now or hereafter acquired, to secure its obligations under the Loan Documents (as defined below), including, without limitation, pursuant to any security agreement, pledge agreement and one or more deeds of trust or mortgages; and it is further

RESOLVED that the Authorized Officers be, and each of them hereby is, authorized and empowered on behalf of the Corporation, as debtor and debtor in possession, to cause to be prepared, to negotiate, execute and deliver, and to perform its obligations under (i) the Credit Agreement, (ii) the Promissory Notes, if any, and (iii) such other documents, agreements, instruments, financing statements, notices, undertakings, certificates and other writings as may be required by, contemplated by or in furtherance of the Credit Agreement, including but not limited to any fee letter, control agreement, guaranty, pledge agreement, security agreement, letter of credit application, certificate, mortgage, other security instrument or other document evidencing the obligations of the Corporation under the debtor in possession financing (all of the foregoing documents, collectively, the "Loan Documents"), each containing such provisions, terms, conditions, covenants, warranties, and representations as may be deemed necessary or appropriate by the Authorized Officer so acting, and any amendments, restatements, amendments and restatements, supplements or other modifications thereto, in each case with such changes therein and additions thereto (substantial or otherwise) as shall be deemed necessary, appropriate or advisable by any Authorized Officer executing the same on behalf of the Corporation, the execution and delivery thereof by such Authorized Officer to be conclusive evidence of such approval by them; and it is further

RESOLVED that the Corporation is hereby authorized to enter into and perform its obligations under one or more pledge agreements, including amendments, restatements, amendments and restatements, supplements and other modifications thereto, pursuant to the terms of which the Corporation will pledge to an agent or agents for the benefit of the lenders and other secured creditors under the Credit Agreement and the other Loan Documents certain of the capital stock and other equity interests owned by the Corporation from time to time to secure the payment and performance of the obligations of the Corporation and certain subsidiaries of the Corporation under the Credit Agreement and the other Loan Documents; and it is further

RESOLVED that the Authorized Officers be, and each of them hereby is, authorized to establish, facilitate or comply with the terms and conditions of the Loan

3

Documents as the same may be amended from time to time, and to do and perform, or cause to be done and performed, all acts, deeds and things, in the name and on behalf of the Corporation or otherwise as such Authorized Officer may deem necessary or appropriate; and it is further

RESOLVED that the Authorized Officers be, and each of them hereby is, authorized and empowered, in the name and on behalf of the Corporation, to take all such actions to obtain any authorizations, consents, waivers or approvals of any third party that such Authorized Officers deem necessary, appropriate or advisable to effect the transactions contemplated by these resolutions, and such Authorized Officers may execute and deliver or cause to be delivered such agreements and other documents and may take all such other actions as such Authorized Officer deems necessary or advisable to effect this resolution; and it is further

RESOLVED that the Authorized Officers be, and each of them hereby is, authorized and empowered for and in the name and on behalf of the Corporation to amend, supplement or otherwise modify from time to time the terms of any documents, agreements, instruments, financing statements, notices, undertakings, certificates or other writings referred to in the foregoing resolutions; and it is further

RESOLVED that all instruments, agreements, certificates, consents, waivers or other documents heretofore executed and delivered (or caused to be executed and delivered) and all acts lawfully done or actions lawfully taken by any Authorized Officer in connection with the chapter 11 case, any debtor in possession financing, or any further action to seek relief on behalf of the Corporation under chapter 11 of the Bankruptcy Code, or in connection with the chapter 11 case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Corporation; and it is further

RESOLVED that the Authorized Officers be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of the Corporation, to take or cause to be taken any and all such further action and to execute, deliver, verify and/or file, or cause to be executed, delivered, verified and/or filed (or direct others to do so on its behalf as provided herein) all such further documents, agreements, instruments, financing statements, notices, undertakings, certificates and other writings, and to incur all such fees and expenses as in their judgment shall be necessary, appropriate or advisable in the good faith judgment of such Authorized Officer to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

RESOLVED that the Authorized Officers be, and each of them hereby is, authorized, directed and empowered, in the name and for and on behalf of the Corporation, to pay and direct the payment of all fees and expenses incurred in connection with the transactions contemplated by these resolutions; and it is further

4

5

       RESOLVED that all actions previously taken by any Authorized Officer or counsel with respect to the matters contemplated by these resolutions, including but not limited to any debtor in possession financing, are hereby adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Corporation.

       IN WITNESS WHEREOF, the undersigned has duly executed this Certificate as of the date first above written.

                             By: /s/ Gregory W. Hunt
                                  Gregory W. Hunt
                                  Chief Financial Officer