IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - x
                              :
In re:                        :   Chapter 11
                              :
TWEETER HOME ENTERTAINMENT    :   Case No. 07-10787 (PJW)
GROUP, INC., et al.,          :
                              :   Jointly Administered
         Debtors.             :
                              :   **Related Doc. No. 16**
- - - - - - - - - - - - - - - x

**ORDER PURSUANT TO BANKRUPTCY CODE SECTION 105, 361, 363, 364, 502, 541, 1107(a) AND 1108 AND BANKRUPTCY RULES 2002, 3003(c)(3), 4001 AND 9007 (I) (A) AUTHORIZING DEBTORS TO UTILIZE CASH COLLATERAL OF CONSIGNORS ON AN INTERIM BASIS; (B) GRANTING ADEQUATE PROTECTION TO SUCH CONSIGNORS TO THE EXTENT THAT SUCH CONSIGNORS HAVE PROPERLY PERFECTED SECURITY INTERESTS IN CONSIGNED INVENTORY; AND (C) SCHEDULING FINAL HEARING WITH RESPECT TO SUCH RELIEF (II) (A) ESTABLISHING PROCEDURES FOR THE DETERMINATION OF PROPERLY PERFECTED SECURITY INTERESTS IN THE CONSIGNED INVENTORY INCLUDING THE ESTABLISHMENT OF A CONSIGNMENT CLAIMS BAR DATE; (B) APPROVING THE FORM, MANNER AND SUFFICIENCY OF NOTICE OF THE CONSIGNMENT CLAIMS BAR DATE; AND (III) GRANTING DEBTORS AUTHORITY TO DEBTORS TO CONTINUE PERFORMANCE AND HONOR OBLIGATIONS UNDER CONSIGNMENT AGREEMENTS**

Upon the motion (the "Motion")[1] of the Debtors for an order, for entry of an order, under Bankruptcy Code sections 105(a), 361, 363 and 502 and Bankruptcy Rules 2002, 3003(c)(3), 4001 and 9007, authorizing the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Debtors to (a) continue to sell the Consigned Inventory on an interim basis and subject to the entry of a final order, following the Final Hearing; (b) provide "adequate protection" to the Consignors on an interim basis pending such Final Hearing; (c) establish the Consignment Claims Bar Date as the deadline for filing Consignment Claims; (d) approving the for, manner and sufficiency of the Consignment Claims Bar Date; and (e) scheduling the Final Hearing; and upon the Hunt Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**

A.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B. Venue of the Chapter 11 Cases and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C. The Debtors are parties to the Consignment Agreements with the Consignors.

D. The Debtors are parties to a prepetition credit facility with GECC (as amended, the "DIP Credit Agreement").

E. Valid and properly perfected liens held by the Consignors are permitted liens under the terms of the DIP Credit Agreement.

F. Accordingly, any proceeds of the Consigned Inventory are cash collateral ("Cash Collateral") of those Consignors with valid and properly perfected liens on the Consigned Inventory.

G. Those Consignors with valid and properly perfected liens on the Consigned Inventory are entitled, pursuant to Bankruptcy Code sections 361 and 363(e), to adequate protection of their interest in the Consigned Inventory, including the Cash Collateral, for any diminution in value of the Consigned Inventory subject to such valid and properly perfected liens, including,

without limitation, resulting from the use of the Cash Collateral, the use, sale or lease of the Consigned Inventory, and the imposition of the automatic stay.

H.   Pending availability of debtor in possession financing, an immediate and critical need exists for the Debtors to be permitted access to funds in order to continue the operation of their businesses. Without such funds, the Debtors will not be able to pay their payroll and other direct operating expenses or maintain vendor support, and the Debtors, their estates, and their stakeholders will be irreparably harmed.

I.   Notice of the interim hearing on the Motion has been provided by hand, facsimile transmission, overnight mail, electronic mail, or courier to counsel to GECC, the Consignors, the Office of the United States Trustee, the Office of the United States Attorney for the District of Delaware, the Internal Revenue Service, and the Debtors' thirty (30) largest unsecured creditors (the "Notice"). In view of the urgency of the relief requested, the Notice constitutes due, proper, and sufficient notice under Bankruptcy Rule 4001 and no other notice need be given.

J. The establishment of the Consignment Claims Bar Date in the Debtors' chapter 11 cases is necessary and in the best interests of the Debtors, their estates, their creditors, and all parties-in-interest.

K. Notice of the Bar Date as set forth in the Motion is reasonably calculated to notify Consignors of the Consignment Claims Bar Date and to provide them with sufficient opportunity to file Consignment Claims.

L. Good cause has been shown for the entry of this Interim Order. Among other things, entry of this Interim Order will minimize disruption of the Debtors' businesses and operations and permit them to meet certain operating expenses, including the purchase of replacement inventory, and to maintain vendors' support.

M. The cash collateral use arrangement authorized hereunder is vital to avoid immediate and irreparable harm to the Debtors' estates. Allowing the use of the Cash Collateral to the extent set forth herein therefore is in the best interests of the Debtors' estates.

N. The Cash Collateral use and adequate protection arrangements are fair and reasonable under the circumstances, reflect the Debtors' exercise of prudent business judgment, and are supported by reasonably equivalent value and fair consideration. Under the circumstances, the Court finds that, notwithstanding any other provision hereof, the adequate protection provided herein is necessary to protect the interests of those Consignors with valid and properly perfected liens on the Consigned Inventory and it is hereby.

O. The Debtors have requested immediate entry of this Interim Order pursuant to Bankruptcy Rule 4001(b)(2). The permission granted herein to allow the Debtors to use the Cash Collateral is necessary to avoid immediate and irreparable harm to the Debtors. This Court concludes that entry of this Interim Order is in the best interests of the Debtors and their estates and creditors as its implementation will, among other things, allow for the continued operation of the Debtors' existing businesses. Therefore, it is hereby

*provided, however that the terms of this order shall not apply to Polk Industries ("Polk"). The rights of the Debtors and Polk with respect to the Motion and this order are hereby reserved.*

ORDERED, ADJUDGED, AND DECREED that:

1. The Motion is GRANTED.

2. The Debtors are expressly authorized to sell the Consigned Inventory and to otherwise use the Cash Collateral.

3. Those Consignors with valid and properly perfected interests in and/or liens on the Consigned Inventory shall be, and hereby are granted, valid and perfected replacement security interests in, mortgages and liens (collectively, the "Adequate Protection Liens") upon all of the Debtors' right and title to and/or interest in the proceeds of the sale of the Consigned Inventory (the "Collateral").

4. Under the circumstances, the adequate protection provided herein is reasonable and sufficient to protect the interests of those Consignors with valid and properly perfected interests in and/or liens on the Consigned Inventory.

5. As additional adequate protection, the Debtors shall provide regular reports of the progress of their sale of each Consignor's respective Consigned Inventory to the Consignors and/or their advisors.

7

6. The form of the Consignment Claims Bar Date Notice, substantially in the form attached as Exhibit A to the Motion, and the manner of providing notice of the Consignment Claims Bar Date proposed in the Motion are approved.

7. The Consignment Claims Bar Date shall be the date that is thirty (30) days after the service of the Consignment Claims Bar Date Notice on the Consignors; *provided, however, that if any holder of a Consignment Claim objects to the timeframe of the Consignment Claims Bar Date, such party may file an objection to such timeframe before the expiration of the Consignment Claims Bar Date. Any such objection shall be heard at the next regularly scheduled omnibus hearing. If no such objection is filed prior to expiration of the Consignment Claims Bar Date, such bar date stands. Not less than fifteen (15) days from the filing of such objection.*

8. All persons or entities holding a Consignment Claim against the Debtors are required to file a Consignment Claim Request no later than the Consignment Claims Bar Date.

9. Any holder of a Consignment Claim that fails to file a Consignment Claim Request by the Consignment Claims Bar Date and in accordance with the procedure set forth in this Order is forever barred, estopped, and permanently enjoined from asserting its Consignment Claim against the Debtors, their estates, or the property of any of them, including but not limited to the Consigned Inventory and the proceeds thereof, and such holder shall not be entitled to receive any distribution in these bankruptcy cases on account of

8

such Consignment Claim or receive further notices regarding such Consignment Claim, absent further order of this Court.

    10. Allowance and/or payment of the Consignment Claims is conditioned upon a Consignor's compliance with the Consignment Claims Procedures, which are hereby approved and include:

    (a) All Consignor's seeking payment of Consignment Claims from the Debtors must submit a Consignment Claim Request, in substantially the form attached to the Motion as Exhibit B on or before the Consignment Claims Bar Date in accordance with the procedures set forth in this Order.

    (b) Each Consignment Claim Request must set forth with specificity the amount of the Consignment Claim, the particular Debtor against which the Consignment Claim is asserted, and the basis up on which the Consignor contends the Consignment Claim is secured by a properly perfected and otherwise valid lien or interest in all or part of the Consigned Inventory.

    (c) Each Consignment Claim Request must include or attach documentation including the specific filings through which the purported liens or interests were properly perfected, in accordance with Bankruptcy Rule 3001(d).

(d) No Consignors may aggregate Consignment Claims against multiple Debtors in a single Consignment Claim Request.

11. For any Consignment Claim Request to be timely and properly filed, a signed original of the completed Consignment Claim Request, together with any and all documentation, must be filed with KCC so that such Consignment Claim Request is delivered to and received by KCC no later than 4:00 p.m. Eastern Time on the Consignment Claims Bar Date.

12. Holders of Consignment Claims must submit their Consignment Claim Requests in person or by courier service, hand delivery, or mail. Facsimile submissions of Consignment Claim Requests will not be accepted, and a Consignment Claim Request will be deemed filed only when actually delivered to and received by KCC in accordance with the procedures set forth in this Order.

13. Any Consignment Claim Request that is not timely filed and served in accordance with this Order on or before the Consignment Claims Bar Date, so as to be actually **RECEIVED** by the deadline and in the manner set forth herein, shall be disallowed, and the holder of

such Consignment Claim shall be forever barred, estopped, and permanently enjoined from asserting such Consignment Claim against the Debtors, their estates, or the property of any of them, and such holder shall not be entitled to receive any distribution in these bankruptcy cases on account of such Consignment Claim or receive further notices regarding such Consignment Claim, absent further order of this Court.

14. Nothing in this Order shall be construed to limit, or in any way affect, the Debtors' ability to dispute any Consignment Claim on any ground, including contesting or disputing the improper perfection or lack of perfection of any Consignment Claim, or to assert offsets against or defenses to such claim, as to amount, liability, or otherwise. The Debtors may dispute or contest any such Consignment Claim prior to or after the Consignment Claims Bar Date.

15. The Debtors are authorized, in their sole discretion, to accept Consigned Inventory from Consignors who continue to offer the Debtors Consigned Inventory under ordinary and customary trade terms, as defined by their prepetition consignment agreement with

11

the Debtors and/or by the prepetition course of dealing between the Consignor and the Debtors (the "Customary Terms") and to operate under consignment agreements with such Consignors.

16. The Debtors are authorized, in their sole discretion, to pay Consignors, who continue to offer the Debtors Consigned Inventory on Customary Terms, in the ordinary course of business for Consigned Inventory, including, but not limited to Consigned Inventory ordered or delivered but not paid for prepetition and later resold by the Debtors.

17. To the extent that the Debtors pay the prepetition claims of Consignors in good faith pursuant to Customary Terms, but such Consignors do not continue to honor their Customary Terms with the Debtors, any such payment by the Debtors shall be deemed a payment for postpetition Consigned Inventory and be applied to reduce any administrative expense liability to such Consignor.

18. Nothing in the Motion shall be deemed a request for authority to assume, and nothing contained in this Order shall be deemed to constitute an

assumption or rejection of any executory contract or prepetition or postpetition agreement between the Debtors and a Consignor or to require the Debtors to make any of the payments authorized herein.

19. Notwithstanding Bankruptcy Rule 6004(g), this Order shall be effective and enforceable immediately upon entry hereof.

20. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

21. This Interim Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution hereof.

22. The notice given by the Debtors of the Motion seeking approval of this Interim Order constitutes due and sufficient notice thereof.

23. Objections, if any, to the entry of this Interim Order as a final order with respect to the use of Consigned Inventory by the Debtors and the granting of adequate protection to the Consignors shall be filed and served on counsel to the Debtors so as to be actually received on or before June___, 2007 at 4:00 p.m.

(Eastern).

24. The Final Hearing shall be held before this Court on ~~June~~ July 13, 2007 at 9:30 A.m. (Eastern).

Dated: Wilmington, Delaware
June 12, 2007

_____
UNITED STATES BANKRUPTCY JUDGE