IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - x
: Chapter 11
In re: :
: Case No. 07-10787 (PJW)
TWEETER HOME ENTERTAINMENT :
GROUP, INC., et al., : Jointly Administered
:
Debtors. : **Related Docket Nos. 43, 48, 98**
:
- - - - - - - - - - - - - - x

**EMERGENCY ORDER CLARIFYING (I) ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 363, 507(a) AND 1107, AUTHORIZING DEBTORS, INTER ALIA, TO PAY PREPETITION WAGES, COMPENSATION, AND EMPLOYEE BENEFITS AND (II) INTERIM ORDER (1) APPROVING POST PETITION FINANCING, (2) AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (3) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. §§ 363 AND 364, (4) MODIFYING AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362 AND (5) SCHEDULING A FINAL HEARING**

Upon the emergency motion (the "Emergency Motion"),[1] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order clarifying (i) Order under Bankruptcy Code Sections 105(a), 363, 507(a) and 1107, Authorizing Debtors, inter alia, to Pay Prepetition Wages, Compensation, and Employee Benefits and (ii) Interim

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Emergency Motion.

Order (1) Approving Post Petition Financing, (2) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363, (3) Granting Liens and Providing Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 363 and 364, (4) Modifying Automatic Stay Pursuant to 11 U.S.C. § 362 and (5) Scheduling A Final Hearing; and the Court having determined that the relief requested in the Emergency Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Emergency Motion is GRANTED.

2. The Possessory Lien that BofA has on the Security Account is a Permitted Prior Lien under the terms of the Interim DIP Order that is superior to any liens that have been or will be granted to the DIP Agent (for the benefit of the DIP Lenders), whether pursuant to the Interim DIP Order or any subsequent final order.

3. The Debtors are authorized to pay BofA all amounts due under the terms of the BofA Agreement as and when such obligations are due, and irrespective of whether those employees who have incurred the expense on the Debtors' behalf are still employed by the Debtors upon entry of this Order.

4. BofA is authorized and directed to rely upon the representations of the Debtors as to which payments are authorized by this Order.

5. Notwithstanding Bankruptcy Rule 6004(g), this Order shall be effective and enforceable immediately upon entry hereof.

6. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated:   Wilmington, Delaware
         June 14, 2007

_____
Honorable Peter J. Walsh
United States Bankruptcy Judge