UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

JUDGE PETER J. WALSH

824 MARKET STREET
WILMINGTON, DE 19801
(302) 252-2925

October 2, 2007

Gregg M. Galardi
Skadden, Arps, Slate,
Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636

Counsel for Debtors and
Debtors in Possession

William P. Bowden
Ashby & Geddes, P.A.
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899

Fred Neufeld
Milbank, Tweed, Hadley &
McCloy LLP
601 South Figueroa Street
30th Floor
Los Angeles, CA 90017-5735

Counsel to Tweeter Newco, LLC

Kathleen Campbell Davis
Campbell & Levine, LLC
800 N. King Street, Suite 300
Wilmington, DE 19801

Richard L. Ferrell
Taft, Stettinius & Hollister,
LLP
425 Walnut Street, Ste. 1800
Cincinnati, Ohio 45240

Counsel to Lessor IMI Mount
Pleasant, LLC

**Re:  Tweeter Home Entertainment Group, Inc., et al.
      Case No. 07-10787 (PJW)**

Dear Counsel:

        This is with respect to IMI Mount Pleasant, LLC's objection to the assumption and assignment of the Mount Pleasant lease.  Having reviewed the April 23, 2002 lease, I found section

2(a) and (b) to suggest some interesting issues.

In relevant part, section 2(a) provides that "Tenant shall not, without the express written consent of Landlord, which consent shall not be unreasonably withheld, delayed or conditioned: (i) assign . . . this lease or any of its rights hereunder, (ii) sublet the Demised Premises . . . ."  There is extensive case law authority that says when a lease provides that a lessor may not unreasonably withhold its consent it must be a commercially reasonable withholding.  Commercially reasonable standards include the financial responsibility of the proposed assignee, the type of business to be conducted, and whether it competes with the business of the lessor or other tenants.  In re Service Merchandise Company, Inc., 297 B.R. 675, 691-92 (Bankr. M.D.Tenn. 2002).

Thus, aside from Code § 365, the Debtor can assign the lease to Newco if Newco can provide adequate assurance of future performance and Newco's tenancy will not otherwise be adverse to the Landlord's interest any more than the Debtor's current tenancy. On the facts before me, pursuant to section 2(a), I do not believe that Mount Pleasant could reasonably withhold its consent to an assignment to Newco.  That a lessor would be better off if the lease were terminated does not constitute a reasonable denial of consent.  As the Court noted in Service Merchandise: "The land-lord's only articulated justification is the economic windfall that would result from regaining control over a space with below-market

rents, or to regain control over the use of the space. Neither of these are valid justifications." Id. at 691-92.

Section 2(b) of the lease provides that "Tenant may assign this lease or sublet the Demised Premises without Landlord's consent, at any time during the Term of this lease . . . to any person or entity acquiring all or substantially all of Tenant's stores in South Carolina or to any parent, subsidiary or affiliate of Tenant . . . ." As I understand it, Newco has acquired all three of the Tweeter sites in South Carolina. Thus, Mount Pleasant's consent is not needed for the proposed assignment.

These two provisions are very unusual for a commercial lease and they present an interesting issue: can Code § 365 be applied to give a lessor more rights than it contracted for? Stated differently, can Code § 365 deprive a lessee of its contractual rights by reason of being a debtor in chapter 11? If the answer is "no", then Code § 365 has no application here. I cannot recall ever having addressed this issue, but it may be worth exploring.

Another interesting issue is this: assuming Mount Pleasant's consent could not reasonably be withheld, the Debtor could assume the lease and, pursuant to section 2(a), sublet the premises to Newco, thereby bypassing the Code § 365(b)(3)(A) provision relating to "financial condition and operating performance." Presumably, after the subletting, the Debtor could,

4

pursuant to section 2(b), assign the lease to a wholly owned subsidiary of the Debtor and in an appropriate manner convey an interest to Newco.

If you believe any of these issues are worth exploring, I invite further written submissions.

Very truly yours,

Peter J. Walsh

PJW:ipm