IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------x
In re:                           :   Chapter 11
                                 :
                                 :   Case No. 07-10787 (PJW)
TWTR, INC., et al.,              :
                                 :   Jointly Administered
            Debtors.             :
                                 :   Related Docket Nos. 2645, 2646, 2653, 2682,
                                 :                       2696, 2697
---------------------------------x

**ORDER CONFIRMING FIRST AMENDED
JOINT PLAN OF LIQUIDATION PROPOSED BY
TWTR, INC. (F/K/A TWEETER HOME ENTERTAINMENT GROUP, INC.)
AND ITS AFFILIATED DEBTORS AND DEBTORS IN POSSESSION AND
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Upon consideration of the *First Amended Joint Plan of Liquidation Proposed by TWTR, Inc. (f/k/a Tweeter Home Entertainment Group, Inc.) and Its Affiliated Debtors and Debtors in Possession and the Official Committee of Unsecured Creditors* annexed hereto as Exhibit 1 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan") jointly proposed by the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] and the Official Committee of Unsecured Creditors (the "Committee"); and the Debtors having filed the *Disclosure Statement with Respect to First Amended Joint Plan of Liquidation Proposed by TWTR, Inc. (f/k/a Tweeter Home Entertainment Group, Inc.) and Its Affiliated Debtors and Debtors In Possession and the Official Committee of Unsecured Creditors* (Docket No. 2646) (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement"); and the Court, by Order dated August 22, 2014

---

[1] The Debtors are the following entities: TWTR, Inc. (f/k/a Tweeter Home Entertainment Group, Inc.) ("TWTR"), Hillcrest High Fidelity, Inc., NEA Delaware, Inc., New England Audio Co., Inc., Sound Advice, Inc., Sound Advice of Arizona, Inc., Sumarc Electronics, Inc., and THEG USA, L.P.

(Docket No. 2653) (the "Solicitation Order"), having approved the Disclosure Statement as containing adequate information within the meaning of § 1125 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), after notice and a hearing held on August 22, 2014; and upon the affidavits of service filed in these cases reflecting compliance with the notice and solicitation requirements of the Solicitation Order; and upon the declaration of Evan Gershbein, as a representative of Kurtzman Carson Consultants LLC ("KCC"), the Court-approved balloting agent in these cases, certifying the ballots accepting and rejecting the Plan (Docket No. 2688) (the "KCC Certification"); and objections to the Plan having been filed with the Court prior to the applicable objection deadline by Vincent E. Rhynes (Docket No. 2674 and 2684) (the "Rhynes Objections"); and no other objection to confirmation of the Plan having been filed; and a hearing to consider confirmation of the Plan having been held on October 23, 2014 (the "Hearing"); and the Court having reviewed all documents in connection with confirmation of the Plan and having heard all parties desiring to be heard at the Hearing; and upon the record compiled in these cases; and after due deliberation and consideration of all of the foregoing; and sufficient cause appearing therefore; the Court hereby makes the findings of fact and decrees set forth below.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

IT IS HEREBY FOUND AND DETERMINED THAT:

    A.    Capitalized terms used herein, but not defined herein, shall have the respective meanings attributed to such terms in the Plan and the Disclosure Statement.

    B.    This Court has jurisdiction over the Debtors' Chapter 11 Cases pursuant to 28 U.S.C. §§ 1334(a) and 157(1). Venue of these proceedings and these Chapter 11 Cases

in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C. In accordance with the Solicitation Order, the Debtors caused a copy of the Solicitation Package and the Confirmation Notice (each as defined in the Solicitation Order) to be timely mailed to all persons and entities required by the Solicitation Order.

D. The Plan complies with all of the applicable provisions of the Bankruptcy Code, including but not limited to §§ 1122 and 1123 of the Bankruptcy Code, and satisfies the requirements for confirmation set forth in § 1129 of the Bankruptcy Code.

E. The classification of Claims and Equity Interests under the Plan is proper under § 1122 of the Bankruptcy Code.

F. Votes to accept and reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Solicitation Order, and all other orders of this Court and industry practice. Class 1 and Class 2 are Unimpaired and are deemed to have accepted the Plan pursuant to § 1126(f) of the Bankruptcy Code. As evidenced by the KCC Certification, Class 3 has voted to accept the Plan pursuant to §§ 1124 and 1126 of the Bankruptcy Code. Sufficient time was provided to the holders of Claims in Class 3 to accept or reject the Plan, and the solicitation materials and procedures comply with the Solicitation Order and § 1126 of the Bankruptcy Code and the requirements of Bankruptcy Rule 3018.

G. Classes 4, 5, 6, and 7 are Impaired and are deemed to have rejected the Plan pursuant to § 1126(g) of the Bankruptcy Code. The Plan does not discriminate unfairly and is fair and equitable with respect to Classes 4, 5, 6 and 7, as required by § 1129(b)(1) of the Bankruptcy Code. No holder of an Equity Interest junior to Class 3

will receive or retain any property on account of such Equity Interest. Thus, the Plan satisfies the requirement of § 1129(b)(2)(C) of the Bankruptcy Code and therefore may be confirmed, notwithstanding the Debtors' failure to satisfy § 1129(a)(8) of the Bankruptcy Code. Upon confirmation and the occurrence of the Effective Date, the Plan shall be binding upon the members of Classes 4, 5, 6 and 7.

H. The Plan provides the same treatment for each Claim or Equity Interest of a particular Class, unless the holder of such Claim or Equity Interest agrees to less favorable treatment of such particular claim or interest. The Plan also provides adequate means for the Plan's implementation.

I. The Plan satisfies § 1129(a)(2) of the Bankruptcy Code as the Debtors and the Committee, as proponents of the Plan, have complied with the applicable provisions of the Bankruptcy Code.

J. The Plan has been proposed in good faith and not by any means forbidden by law and satisfies § 1129(a)(3) of the Bankruptcy Code.

K. The Plan satisfies § 1129(a)(4) of the Bankruptcy Code as any payments made or promised by the Debtors, or a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in, or in connection with, the Chapter 11 Cases, or in connection with the Plan and incident to the cases, have been approved by, or are subject to approval of the Court as reasonable.

L. The Plan satisfies § 1129(a)(5) of the Bankruptcy Code as Article VI.E of the Plan identifies and appoints Carroll Services LLC as Liquidating Trustee. The appointment of Carroll Services LLC as Liquidating Trustee is consistent with the interests of the Debtors' creditors and equity security holders and with public policy.

M.   Article VI.E.5 of the Plan disclose the powers and the compensation of the Liquidating Trustee.

N.   The provisions of § 1129(a)(6) of the Bankruptcy Code are inapplicable to these Chapter 11 Cases because, after the Effective Date, there are no rate changes provided for in the Plan for which a governmental regulatory commission will have jurisdiction over the Debtors after confirmation of the Plan.

O.   The Plan satisfies § 1129(a)(7) of the Bankruptcy Code.  Each holder of an impaired Claim or an Equity Interest (i) has accepted the Plan; (ii) will receive or retain under the Plan on account of such Claim or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor entity was liquidated under chapter 7 of the Bankruptcy Code on the Effective Date; or (iii) has agreed to receive less favorable treatment.

P.   Except to the extent that the holder of a particular Claim has agreed to a different treatment of such Claim, the treatment of Claims under the Plan of the type specified in §§ 507(a)(1)-507(a)(8) of the Bankruptcy Code, if any, complies with the provisions of § 1129(a)(9) of the Bankruptcy Code.

Q.   Section 1129(a)(10) of the Bankruptcy Code is satisfied as at least one impaired Class of Claims has accepted the Plan, determined without including any acceptances of the Plan by any insider.

R.   Section 1129(a)(11) of the Bankruptcy Code is satisfied as confirmation of the Plan is not likely to be followed by the need for further liquidation or financial reorganization of the Debtors other than the liquidation contemplated by the Plan.

S.   Section 1129(a)(12) of the Bankruptcy Code is satisfied as all fees payable under § 1930 of title 28 of the United States Code have either been paid or will be paid under the Plan.

T.   No other chapter 11 plan has been moved for confirmation.

U.   The primary purpose of the Plan is not the avoidance of taxes or the requirements of Section 5 of the Securities Act of 1933.

V.   The release, exculpation, and injunctive provisions set forth in Article XI of the Plan are fair and necessary to the effective liquidation of the Debtors and the parties receiving the benefit of such provisions have made substantial contributions toward the liquidation of the Debtors that are integral to effectuation of the Plan. All holders of Claims and Equity Interests received adequate notice of such provisions and had sufficient opportunity to object to such provisions.

W.   Based on the record before this Court in these Chapter 11 Cases, the Debtors and their respective present and former officers, directors, members, managers, employees, representatives, counsel and other agents, successors and assigns have acted in "good faith" within the meaning of § 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all their respective activities relating to the solicitation of acceptances to the Plan and their participation in the activities described in § 1125 of the Bankruptcy Code, and are entitled to the protections afforded by § 1125(e) of the Bankruptcy Code and the exculpation provisions set forth in Article XI.H of the Plan.

X.  Any amendments or modifications to the Plan are non-material, do not adversely change the treatment of Creditors, and do not require re-solicitation of any Class.

### **DECREES**

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Pursuant to Bankruptcy Rule 7052, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact where appropriate.

2. The Plan, as modified on the docket or on the record of the Confirmation Hearing, is approved and confirmed in each and every respect pursuant to § 1129 of the Bankruptcy Code; _provided, however,_ that if there is any conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control.

3. To the extent that any objections to confirmation of the Plan have not been withdrawn prior to entry of this Order, are not cured by the relief granted herein or resolved as stated by the Debtors on the record of the Confirmation Hearing, all such objections shall be, and hereby are, overruled, including, without limitation, the Rhynes Objection.

4. All other documents and agreements introduced into evidence at the Confirmation Hearing (including all exhibits and attachments to the Plan), are authorized and approved.

5. Pursuant to Article III of the Plan, and for the purposes of effectuating the Plan, including for purposes of voting, Confirmation and Distributions to be made under

the Plan, the Debtors shall be consolidated solely with respect to Creditors who hold Administrative Claims, Priority Claims, Non-Tax Priority Claims and Class 3 General Unsecured Claims. Such consolidation (other than for the purpose of effectuating the Plan) will not affect: (1) the legal and corporate structures of the Debtors, subject to the right of the Debtors to effect restructurings as provided in Article VI.A.1 and Article VI.A.2; (2) pre- and post-Effective Date guarantees, liens and security interests that are required to be maintained (a) in connection with contracts or leases that were entered into during the Chapter 11 Cases or executory contracts and unexpired leases that have been or will be assumed or (b) pursuant to the Plan; and (3) distributions from any insurance policies or proceeds of such policies. Pursuant to this limited consolidation, (i) any guarantee by a Debtor of an obligation of another Debtor shall be deemed one obligation of the Debtor for whom the guarantee was issued, and (ii) each Administrative Claim, Priority Claim, Non-Tax Priority Claim and Class 3 General Unsecured Claim filed or to be filed against any Debtor shall be deemed filed against the consolidated Debtors and shall be deemed a single Claim against and a single obligation of the consolidated Debtors.

6.    The Debtors, Reorganized TWTR and the Liquidating Trustee, as applicable, are hereby authorized, empowered, and ordered to issue, execute, deliver, file and record any documents or court papers or pleadings, and to take any and all actions that are necessary or desirable to implement, effectuate, and consummate the transactions contemplated by the Plan, whether or not specifically referred to therein and without further application or order of this Court, in each case with like effect as if exercised and

taken by unanimous action of the directors and shareholders of the Debtors as may be necessary to cause the same to become effective under applicable law.

7. The Debtors shall remain debtors-in-possession under the Bankruptcy Code until the Effective Date. Reorganized TWTR and/or the Liquidating Trust may wind up their affairs and make distributions to creditors after the Effective Date in accordance with the Plan.

8. TWTR will continue to exist as Reorganized TWTR after the Effective Date for the limited purposes of distributing to the Liquidating Trust all of the assets of the Debtors' Estate and/or the proceeds thereof, and complying with and fulfilling its obligations under the Liquidating Trust Agreement and the Plan. On the Effective Date, Reorganized TWTR shall issue one share of New Common Stock to the Liquidating Trust. From and after the Effective Date, the Liquidating Trustee may serve as the sole officer and director of Reorganized TWTR, or may engage any Person to so serve.

9. Carroll Services LLC is appointed as the Liquidating Trustee. The Liquidating Trustee shall have such powers and duties as is provided for in the Plan and shall receive such compensation as is provided for in the Plan.

10. In accordance with Article VII of the Plan, all Executory Contracts of the Debtors that have not been previously assumed and assigned or rejected by the Debtors shall be deemed to be rejected by the applicable Debtor on and as of the Effective Date; provided, however, that nothing in Article VII of the Plan shall constitute an admission by the Debtors that such contract is an Executory Contract or unexpired lease or that the Debtors or their successor or assigns has any liability thereunder. The Confirmation Order shall constitute an order of this Court approving the rejections described in Article

VII of the Plan, pursuant to § 365 of the Bankruptcy Code as of the Confirmation Date, subject to occurrence of the Effective Date.

11. Unless another order of this Court provides for an earlier date, all proofs of claim with respect to Claims arising from the rejection of an Executory Contract shall be filed with this Court and served on counsel to the Debtors, Reorganized TWTR, the Liquidating Trustee, counsel to the Trust Advisory Board, and the Office of the United States Trustee (and notice thereof must also be served on all parties who have requested notice in the Chapter 11 Cases) so as to be received by 5:00 p.m. prevailing Eastern time on the date that is thirty (30) days after service of a notice of the Effective Date. All proofs of claim with respect to Claims arising from the rejection of Executory Contracts shall be treated as Class 3 Claims for purposes of distributions under the Plan, unless and until the party asserting such Claim obtains an order of this Court upon notice to the Liquidating Trust that allows the Claim in another Class under the Plan. Any failure to file and serve such requests timely and properly shall result in the claimant being forever barred, estopped, and enjoined from participating in distributions under the Plan on account of such Claim.

12. On and after the Effective Date, Reorganized TWTR and the Liquidating Trust may retain counsel and other professionals as the Liquidating Trustee, in its sole discretion, deems appropriate, without further order of this Court, to assist the Liquidating Trustee in performing his duties under the Plan. Any professionals retained by Reorganized TWTR and/or the Liquidating Trustee shall be entitled to reasonable compensation for services rendered and reimbursement of expenses, paid in the ordinary course of business and not be subject to the approval of this Court.

13. Unless required to be filed by an earlier date by another order of this Court, all holders of an Administrative Claim, to the extent such Claim (i) arose or was incurred on or before the Effective Date but after September 15, 2007 and (ii) has not been paid, released, or otherwise settled, excluding all requests for payment of Professional Fee Claims and fees of the United States Trustee arising under § 1930 of title 28 of the United States Code, must file any requests for payment of an Administrative Claim with the Claims Agent (at the address indicated for the Claims Agent in the Plan) and serve on counsel for the Plan Proponents its request for payment of an Administrative Claim no later than the Final Administrative Claims Bar Date. Such requests must include at a minimum: (a) the name of the Debtor(s) that are purported to be liable for the Administrative Claim; (b) the name of the holder of the Administrative Claim; (c) the amount of the Administrative Claim; (d) the basis of the Administrative Claim; and (e) supporting documentation for the Administrative Claim. Any failure to file and serve such requests timely and properly shall result in the claimant being forever barred, estopped, and enjoined from participating in distributions under the Plan on account of such Administrative Claim.

14. All final requests for payment of Professional Fee Claims (the "Final Fee Applications") must be filed no later than twenty (20) days after the Effective Date. Objections, if any, to Final Fee Applications of such Professionals must be filed and served on the Debtors and/or the Liquidating Trustee and their respective counsel, the Liquidating Trustee and its respective counsel, the requesting Professional and the Office of the U.S. Trustee no later than twenty (20) days from the date on which each such Final Fee Application is served and filed. After notice and a hearing in accordance with the

procedures established by the Bankruptcy Code and prior orders of the Court, the allowed amounts of such Professional Fee Claims shall be determined by the Court.

15. Except as set forth in the Plan with respect to Professional Fee Claims, 503(b)(9) Claims, and Administrative Claims, all objections to Claims must be filed and served on the Holders of such Claims by the Claims Objection Deadline, as the same may be extended by the Court. If an objection has not been filed to a Proof of Claim or the Schedules have not been amended with respect to a Claim that (i) was Scheduled by the Debtors but (ii) was not Scheduled as contingent, unliquidated, and/or disputed, by the Claims Objection Deadline, as the same may be extended by order of the Court, the Claim to which the Proof of Claim or Scheduled Claim relates will be treated as an Allowed Claim if such Claim has not been allowed earlier. Notice of any motion for an order extending the Claims Objection Deadline shall be required to be given only to those persons or entities that have requested notice in the Chapter 11 Cases, or to such persons as the Court shall order.

16. From the Confirmation Date through the Claims Objection Deadline, any party in interest, including the Liquidating Trustee, may file objections, settle, compromise, withdraw, or litigate to judgment objections to Claims. From and after the Effective Date, Reorganized TWTR and the Liquidating Trustee may settle or compromise any Disputed Claim without approval of the Court, but otherwise subject to the terms of the Plan. Nothing contained herein, however, shall limit the right of the Liquidating Trustee to object to Claims, if any, filed or amended after the Effective Date.

17. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any State or any other governmental

authority with respect to the implementation or consummation of the Plan and any other acts that may be necessary or appropriate for the implementation or consummation of the Plan.

18. This Confirmation Order is and shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required, by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any document or instruments. Each and every federal, state and local government agency is hereby directed to accept any and all documents and instruments necessary, useful or appropriate (including Uniform Commercial Code financing statements) to effectuate, implement and consummate the transactions contemplated by the Plan and this Confirmation Order without payment of any recording tax, stamp tax, transfer tax or similar tax imposed by state or local law.

19. The provisions of the Plan and this Confirmation Order shall be, and hereby are now, and forever afterwards, binding on the Debtors, all holders of Claims and Equity Interests (whether or not impaired under the Plan and whether or not, if impaired, they accepted the Plan), any other party in interest, any other party making an appearance in these Chapter 11 Cases, and any other person or entity affected thereby, as well as their respective heirs, successors, assigns, trustees, subsidiaries, affiliates, officers, directors, agents, employees, representatives, attorneys, beneficiaries, guardians, and similar officers, or any person claiming through or in the right of any such person or entity.

20. In accordance with Bankruptcy Code section 1123(b)(3) and except as otherwise provided in the Final DIP Order, the Sale Order, the Plan or this Confirmation Order, the Debtors and their Estates, Reorganized TWTR, the Liquidating Trust and/or the Liquidating Trustee as successors-in-interest, shall retain all of the Causes of Action, a nonexclusive list of which is set forth on Exhibit D annexed to the Plan, and other similar claims arising under applicable state laws, including, without limitation, fraudulent transfer claims, if any, and all other causes of action of a trustee and debtor in possession under the Bankruptcy Code. Reorganized TWTR and the Liquidating Trustee and/or the Liquidating Trust may, in accordance with the Liquidating Trust Agreement, enforce, sue on, settle or compromise (or decline to do any of the foregoing) any or all of the Causes of Action. Except as expressly provided in the Plan or this Confirmation Order, nothing contained in the Plan or this Confirmation Order (including, but not limited to the limited consolidation of the Debtors) shall be deemed a waiver or relinquishment of any Claim, Cause of Action, right of setoff, or other legal or equitable defense that the Debtors had immediately prior to the Petition Date that is not specifically waived or relinquished by the Plan. The Debtors, through Reorganized TWTR and the Liquidating Trust, shall have retained, reserved, and be entitled to assert all such Claims, Causes of Action, rights of setoff, and other legal or equitable defenses that the Debtors had immediately prior to the Petition Date as fully as if the Chapter 11 Cases had not been commenced, and all of the Debtors' legal and equitable rights respecting any Claim that are not specifically waived or relinquished by the Plan may be asserted after the Effective Date to the same extent as if the Chapter 11 Cases had not been commenced.

21. The release, exculpation, and injunction provisions contained in the Plan, including, without limitation, those set forth in Article XI of the Plan, are expressly incorporated into this Confirmation Order as if set forth in full and are hereby authorized and approved.

22. As set forth in Article XI.D of the Plan, all Persons are permanently enjoined from obtaining any documents or other materials from current counsel for the Debtors and/or current counsel for the Creditors' Committee that is in the possession of such counsel as a result of or arising in any way out of their representation of the Debtors or the Creditors' Committee as applicable, except in accordance with Article VI.A.4 of the Plan.

23. If an Allowed Claim is reconsidered under the applicable provisions of the Bankruptcy Code and Bankruptcy Rules and then is Allowed in a higher amount for which after application of the payment priorities established by the Plan there is insufficient value to provide a recovery equal to the amount received by other holders of Allowed Claims in the respective Class, no holder shall have recourse against the Debtors, the Trust Advisory Board, the Committee, Reorganized TWTR, the Liquidating Trustee, or any of their respective professional consultants, attorneys, advisors, officers, directors, members, affiliates or their successors or assigns, or any of their respective property.

24. The failure to reference or discuss any particular provision of the Plan in this Confirmation Order shall have no effect on the validity, binding effect, and enforceability of such provision and such provision shall have the same validity, binding effect, and enforceability as every other provision of the Plan.

25. The substantial consummation of the Plan, within the meaning of § 1127 of the Bankruptcy Code, shall be, and hereby is, deemed to occur on the Effective Date.

26. Pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c), the Liquidating Trustee is hereby directed to serve a notice of Effective Date (the "Notice of Effective Date") no later than ten (10) business days after the Effective Date of the Plan on all holders of record of Claims and Equity Interests as of the date hereof, all parties who have entered their appearance in these Chapter 11 Cases and requested notice pursuant to Bankruptcy Rule 2002, and the Office of the United States Trustee. The Notice of Effective Date shall inform holders of Claims and Equity Interests of (a) entry of the Confirmation Order; (b) the occurrence of the Effective Date; (c) the Final Administrative Claim Bar Date; (d) the members of the Trust Advisory Board; and (e) such other matters as the Liquidating Trustee deems to be appropriate; provided, however, that notice need not be given or served under the Bankruptcy Code, the Bankruptcy Rules, or this Confirmation Order to any Person to whom the Debtors mailed a notice of the Bar Date or Confirmation Hearing, but received such notice returned marked "undeliverable as addressed," "moved - left no forwarding address," "forwarding order expired," or similar reason, unless the Debtors have been informed in writing by such Person of that Person's new address.

27. Notwithstanding anything that may be construed to the contrary in the Plan or this Confirmation Order, solely with respect to the Pennsylvania Department of Revenue ("PA DOR"), the Allowed Priority Claim of the PA DOR shall be paid on the Effective Date in accordance with the Stipulation Between the Debtors and Pennsylvania Department of Revenue Regarding Objection to Pennsylvania Department of Revenue's

Claim under 11 U.S.C. §§ 105(a), 502 and 507(a)(8), Fed. R. Bankr. P. 3007 and Del. Bankr. L.R. 3007-1 (Docket No. 2527) approved by this Court on December 5, 2013 (Docket No. 2528).

28. Notwithstanding anything that may be construed to the contrary in the Plan or this Confirmation Order, solely with respect to the State of Nevada Department of Taxation Revenue Division ("<u>Nevada</u>"), claim no. 809 is hereby ALLOWED. The Allowed Priority Claim of Nevada in the amount of $5,752.73 shall be paid on the Effective Date.

29. <u>Setoff and Recoupment</u>. Notwithstanding anything that may be contained or construed to the contrary in the Plan (including Article XI.D.) or this Confirmation Order, nothing in the Plan or this Confirmation Order shall limit any Persons who have held, hold or may hold Claims against or Interests in the Debtors from asserting their rights to setoff, as preserved in any timely-filed proofs of claim, or recoupment to the extent preserved by or provided for in the Bankruptcy Code or other applicable law.

30. Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062, 9024, or any other Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Confirmation Order shall be immediately effective and enforceable upon its entry, and there shall be no stay of execution or effectiveness of this Confirmation Order.

31. This Court shall retain jurisdiction over any matter pertaining to the implementation and enforcement of this Confirmation Order pursuant to Article XII of the Plan.

Dated: Wilmington, Delaware
October 23, 2014

_____
Honorable Peter J. Walsh
United States Bankruptcy Judge

749932-WILSR01A - MSW