IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------- x
:
In re:                          :  Chapter 11
:
TWTR, INC.                      :  Case No. 07-10787 (KG)
:
        Reorganized Debtor.     :  Re: Docket No. 2788
:
------------------------------- x

**FINAL DECREE AND ORDER (A) CLOSING THE CHAPTER 11 CASE OF TWTR, INC. PURSUANT TO 11 U.S.C. §§ 105(a) AND 350(a), FED. R. BANKR. P. 3022, AND LOCAL RULE 3022-1(a); (B) DISCHARGING AND RELEASING THE LIQUIDATING TRUSTEE AND TRUST ADVISORY BOARD; (C) TERMINATING THE SERVICES OF KURTZMAN CARSON CONSULTANTS LLC AS CLAIMS, NOTICING AND BALLOTING AGENT; AND (D) GRATING RELATED RELIEF**

Upon the Liquidating Trustee's Motion for Final Decree and Order (a) Closing the Bankruptcy Case of TWTR, Inc. (the "Motion") pursuant to sections 105(a) and 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1; (b) discharging and releasing the Liquidating Trustee and Trust Advisory Board; (c) terminating the services of KCC as claims, noticing, and balloting agent; and (d) granting related relief; and due and proper notice of the Motion having been given under the circumstances; and the Court having jurisdiction over the subject matter of the Motion and over the parties thereto; and upon the entire record of these cases; and the Court having reviewed the Motion, and the Court finding that cause exists for the relief requested by the Motion; it is hereby

ORDERED, FOUND, ADJUDGED AND DECREED that:

1.  The Motion is GRANTED.

2.  The bankruptcy case of TWTR, Inc., case number 07-10787, (the "Remaining Debtor") is hereby closed and a final decree is granted for the Remaining Debtor.

3. The Liquidating Trustee shall be responsible for paying statutory quarterly fees to the Office of United States Trustee attributable to the Remaining Debtor for all periods through the date of this Order.

4. The Clerk of the Court shall enter this final decree and order (the "Order") on the docket of the Remaining Debtor's case and such docket thereafter shall be marked as closed.

5. Subject to the performance of any obligations of KCC pursuant to this Order, KCC's services under the KCC Order or the Services Agreement with respect to the Chapter 11 Cases are terminated in accordance with the Motion with respect to any services KCC has provided to the Debtors. Except as otherwise provided in this Order, KCC shall have no further obligations (arising out of the KCC Order, the Services Agreement, or otherwise) to this Court, the Debtors, the Liquidating Trustee, or any other party in interest with respect to the services subject of the KCC Order. KCC shall forward to the Liquidating Trustee any mail or other correspondence received related to the Debtors or the Liquidating Trustee.

6. Pursuant to Local Rule 2002-1(f)(ix), within thirty (30) days of entry of the proposed order, KCC shall (a) forward to the Clerk of the Bankruptcy Court an electronic version of all imaged claims; (b) upload the creditor mailing list into CM/ECF; and (c) docket a final claims register containing the claims filed in the Chapter 11 Case. KCC shall further box and transport all original claims to the Philadelphia Records Center, 14470 Townsend Road, Philadelphia, Pennsylvania 19165 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims

7. Upon filing with the Court of the notice of termination of the Liquidating Trust (after all actions required under the Trust Agreement are completed and without the need

of any further Order of this Court), the Liquidating Trustee, the Trust Advisory Board, and their respective retained professionals, officers, and members are hereby discharged from any further duties in connection with the Chapter 11 cases and released from any liability on account of any acts or omissions in connection with the Chapter 11 cases and the affairs of the Liquidating Trust, except with respect to acts or omissions constituting willful misconduct, gross negligence, or willful disregard of their respective duties.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation and/or implementation of this Order.

9. Notwithstanding Rule 6006(d) of the Federal Rules of Bankruptcy Procedure, this Order shall take effect immediately upon signature.

Dated: Wilmington, Delaware
Sept. 6, 2016

Honorable Kevin Gross
UNITED STATES BANKRUPTCY JUDGE